**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Plutt, ) | No. CV 05-0384-PHX-DGC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Safeway, Inc., a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's motion for security for costs filed on November 2, 2005. Doc. #23. Defendant requests that the Court enter an order requiring Plaintiff to post security for the cost that Safeway can reasonably expect to incur in defending this action. *Id.* Defendant cites LRCiv 54.1(c), which provides that the Court may issue an order for security for costs "[i]n every action in which the plaintiff was not a resident of the District of Arizona at the time the suit was brought, or having been so, afterwards removed from this District . . . ." Since commencing this action, Plaintiff has relocated to Colorado. Doc. #23.

To date, Plaintiff has taken two depositions and retained an expert witness. *Id.* Defendant seeks security for the cost to depose Plaintiff's expert witness, retain their own opposing expert, and depose one or two of Plaintiff's other witnesses. *Id.* They estimate approximately $4,000 in taxable costs. *Id.*

1    Plaintiff has not responded to Defendant's motion. Pursuant to LRCiv 7.2(i), the
2 Court may deem Plaintiffs' failure to respond as a consent to the granting of the
3 Defendant's motion. *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (holding that
4 Arizona district court did not err in summarily granting defendants' motion for summary
5 judgment pursuant to former Local Rule 11(i) where pro se plaintiff failed to respond to
6 motion after district court had warned plaintiff that it would deem his failure to respond a
7 consent to granting of motion); *United States v. Warren*, 601 F.2d 471, 472-74 (9th Cir. 1979)
8 (holding that Arizona district court did not err in summarily dismissing indictments
9 pursuant to local rule where government failed to respond to motions to dismiss
10 indictments); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that district court
11 did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant
12 to local rule where pro se plaintiff had time to respond to motion but failed to do so and,
13 citing *Warren*, stating that "[f]ailure to follow a district court's local rules is a proper
14 ground for dismissal"); *United States v. $22,474 in U.S. Currency*, 55 F. Supp. 2d 1007,
15 1011 (D. Ariz. 1999) (citing former Rule 1.10(i) and stating that failure to comply with Local
16 Rules "would be grounds upon which to summarily grant the Government's motion to
17 dismiss").
18    Pursuant to LRCiv 54.1(c) and 7.2(i), the Court will grant Defendant's motion for
19 security for costs in the amount of $4,000.
20    **IT IS THEREFORE ORDERED** that Defendant's motion for Security for Costs (Doc.
21 #23) is **granted**. On or before January 31, 2006, Plaintiff shall post security for costs in the
22 amount of $4,000.
23    DATED this 11th day of January, 2006.

David G. Campbell
United States District Judge

- 2 -